**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| LOUISE RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  17-382 |
| | ) | |
| FERRELLGAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant Ferrellgas, Inc. ("Ferrellgas") hereby gives notice of the removal of this action from the Circuit Court of Dallas County, Alabama to the United States District Court for the Southern District of Alabama, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof states as follows:

1.      This civil action, commenced on June 15, 2017, is currently pending in the Circuit Court of Dallas County, Alabama, a state court located within this district, as Case No. 2017-900107.

2.      Ferrellgas was served with the Summons and a copy of the Complaint on July 25, 2017.  A true and correct copy of the entire state court file, including a copy of the Summons and Complaint that were served on Ferrellgas, is attached hereto as **Exhibit A**.

3.      Ferrellgas is filing this Notice of Removal within 30 days of service of the Summons and Complaint, and removal is therefore timely under 28 U.S.C. § 1446(b).

4.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) based on diversity of citizenship because this action is between citizens of different states and the

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, removal is proper under 28 U.S.C. § 1441.

5.        At all relevant times, including the time of filing the Complaint and the time of removal, plaintiff Louis Richardson ("Plaintiff") is and was a citizen of the state of Alabama. *See* Compl. at ¶ 1.

6.        At all relevant times, including the time of filing the Complaint and the time of removal, Ferrellgas is and was incorporated under the laws of the state of Delaware and maintains and maintained its principal place of business in the state of Kansas. Therefore, Ferrellgas is and was a citizen of Delaware and Kansas within the meaning of 28 U.S.C. § 1332(c). Ferrellgas is not incorporated in the state of Alabama, and does not maintain its principal place of business in the state of Alabama.  Ferrellgas is not a citizen of Alabama.

7.        Because Ferrellgas is not a citizen of the state of Alabama, diversity of citizenship is satisfied under 28 U.S.C. § 1332(a).

8.        Plaintiff's Complaint lists "Fictitious Defendants "A" "B", and "C," however "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1); Compl. at ¶ 4.

9.        In her Complaint, Plaintiff alleges that Ferrellgas "negligently and/or wantonly failed to fill the [Plaintiff's propane] tank properly" by "either failing to place enough gas in the tank and/or failing to shut off all valves of the tank, so that none of the gas would leak out in and around the Plaintiff's home."  Compl. at ¶ 10.

10.       The Complaint alleges that as a result of Ferrellgas's alleged negligence and wantonness, Plaintiff suffered loss of money, personal and permanent injury, pain and suffering, emotional distress and mental anguish, and other generalized "injur[ies] and damag[es]."

11.      Plaintiff's Complaint makes an unspecified demand for compensatory damages, including, but not limited to, damages for loss of money, permanent injury, and medical expenses that she has incurred and will continue to incur in the future.[1]  *Id.* at ¶ 11.

12.      Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 760, 762 ("JVCA") (applicable to cases commenced on or after January 6, 2012), where a case is removed on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading" is ordinarily "deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  However, the JVCA provides an exception where, instead of the complaint, "the notice of removal may assert the amount in controversy" if "state practice…permits recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2)(A).  Under this standard, where the plaintiff does not include a specific demand for damages or pleads less than the jurisdictional threshold, the defendant may assert the amount in controversy in the notice of removal, and, if controverted, bears the burden of showing the jurisdictional amount by a preponderance of the evidence.  *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553-54 (2014); *Harris v. Aghababaei*, 81 F. Supp.3d 1278, 1280-81 (M.D. Ala. 2015); *Andrews v. Camping World Inc.*, No. 15-00492-CG-N, 2015 WL 7770681, at *2-3 (S.D. Ala. Nov. 16, 2015); *Jefferson v. Hyatt Corp.*, No. 3:14-CV-00601-TBR, 2015 WL 1611834, at *2 (W.D. Ky. Apr. 9, 2015); *Cagle v. C&S Wholesale Grocers, Inc.*, 505 B.R. 534 (E.D. Cal. 2014); *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013); *Homoki v. Rivers Edge Tree Stands*, No. 1:12-CV-2926, 2012 WL 6631043, *1 (N.D. Ohio Dec. 19, 2012).  Alabama practice does not require a

---

[1] In making its good faith calculations of the amount being sought by the Complaint, Ferrellgas does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

specific demand for damages and permits recovery of damages in excess of the amount demanded.  *See* Ala. R. Civ. P. 54(c).  Thus, under 28 U.S.C. § 1446(c)(2)(A), "the notice of removal may assert the amount in controversy" rather than the complaint.

13.     When determining whether the jurisdictional amount in controversy is met, a district court may apply its "judicial experience" and "common sense."  *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062-63 (11th Cir. 2010) (stating that a district court may employ "its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy").  Moreover, the removing defendant may satisfy its burden by showing that it is "'facially apparent' from the [plaintiff's] pleading itself that the amount in controversy exceeds the jurisdictional minimum."  *Id.* at 1061.

14.     Here, Plaintiff's Complaint does not include a specific demand for damages. However, upon a full and fair reading of the Complaint, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff's demand for damages is not limited solely to the loss of money she allegedly incurred for purchasing the propane gas from Ferrellgas.  In fact, that loss is but a relatively insignificant fraction of the total damages sought by Plaintiff in this personal injury lawsuit.  Plaintiff seeks recovery as well for personal and permanent injuries, pain and suffering, present and future emotional distress and mental anguish, and medical expenses she has incurred and will continue to incur in the future.  Compl. at ¶ 11.  Plaintiff's Complaint also alleges that Ferrellgas acted with wantonness, which this Court has indicated "'means the damages should be greater'" and "'implies the [injuries] could have been prevented.'"  *See Overton v. Wyeth,* 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010) (citations omitted); Compl. at ¶¶ 10, 11.  Plaintiff makes no attempt to qualify the amount of damage she seeks; nor does she limit her ability to recover for emotional distress, mental

anguish, or pain and suffering.  Rather, based on the Complaint's allegations, Plaintiff seeks an unlimited amount of damages under several categories:   special, pain and suffering, and permanent injury.

15.      Federal courts from around the country have found the amount in controversy satisfied on the face of the complaint when a plaintiff has suffered permanent injuries, but without a specified sum.  *See, e.g.*, *Watson v. Gen. Electric, Inc.*, Civil Action No. CV-12-S-2661-NE, 2012 WL 5931884, at *4 (N.D. Ala. Nov. 26, 2012) (amount in controversy met where plaintiff suffered permanent injuries when his hand was crushed in machinery resulting in extensive expenses, including medical bills); *Maconeghy v. Cooper Tire & Rubber Co.*, Civil Action No. 08-0335-WS-M, 2008 WL 4811398, at *3 (S.D. Ala. Nov. 3, 2008) (amount in controversy met where plaintiff alleged that he suffered "serious and permanent injuries which will affect him the rest of his life," and that he has "suffered and will continue to suffer in the future severe pain and mental anguish"); *Hernandez v. CST Drilling Fluid, Inc.*, Civil Action No. C-08-11, 2008 WL 150962, at *3 (S.D. Tex. Jan. 11, 2008) (amount in controversy met where plaintiff alleged permanent injuries to feet in accident); *Sanderson v. Daimler Chrysler Motor Corp.*, Civil Action No. 07-05590-WS-B, 2007 WL 2988222, at *2 (S.D. Ala. Oct. 9, 2007) (amount in controversy met where plaintiff alleged "serious and permanent disfigurement and scarring to her face and body"); *Belvin v. Home Depot USA, Inc.*, Civil Action No. 07-1035, 2007 WL 2491428, at *2 (E.D. La. Aug. 30, 2007) (amount in controversy met where plaintiff alleged various damages—including medical expenses, pain and suffering, and mental anguish—for permanent injuries resulting from a slip and fall at defendant's store); *Lowery v. J.C. Penny Corp., Inc.*, Civil Action No. 06-1710, 2006 WL 3827527, at *2 (W.D. La. Dec. 28, 2006) (amount in controversy met where plaintiff sought

recovery of damages resulting from a slip and fall, including damages for mental anguish, pain and suffering, emotional distress, worry, anxiety, inconvenience, medical expenses, loss of enjoyment of life, and permanent disability and impairment).

16.     Venue is proper in the United States District Court for the Southern District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the action is currently pending.

17.     Other than the documents attached as Exhibit A, no other pleadings, process, orders or other documents in this action have been served or otherwise received by Ferrellgas.

18.     Promptly after the filing of this Notice of Removal, Ferrellgas will give written notice thereof to Plaintiff and will file a copy of the notice, together with a copy of this Notice of Removal, in the Circuit Court of Dallas County, Alabama, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Ferrellgas hereby removes this action from the Circuit Court of Dallas County, Alabama to the United States District Court for the Southern District of Alabama, Northern Division.

*/s/ Kevin E. Clark*
One of the Attorneys for Defendant Ferrellgas, Inc.

OF COUNSEL:
Kevin E. Clark (CLARK3281)
kclark@lightfootlaw.com
Amie A. Vague (VAGUA4113)
avague@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700 (Telephone)
(205) 581-0799 (Facsimile)

<u>CERTIFICATE OF SERVICE</u>

       This is to certify that on this 24th day of August, 2017, I electronically served the foregoing using the CM/ECF system which will send such filing to the following counsel of record:

            Frederick P. Gilmore, Esq.
            Gilmore Law Office
            713 Selma Avenue
            Selma, AL  36701

                                       */s/ Kevin E. Clark*
                                         Of Counsel